UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| TRISHA L. ROBERSON,<br>　　　　Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 5:07-CV-284-F |
| PAUL SMITH, INC.; NORTH<br>CAROLINA DIGITAL IMAGING,<br>INC.; PAUL SMITH, SR.; and PAUL<br>SMITH, JR.<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) | |
| TRISHA L. ROBERSON,<br>　　　　Plaintiff, | )<br>)<br>) | No. 5:08-CV-40-F |
| v. | )<br>) | <u>ORDER</u> |
| PAUL SMITH, INC. and NORTH<br>CAROLINA DIGITAL IMAGING, INC.<br>　　　　Defendants. | )<br>)<br>) | |

This matter is before the court on the motion [DE-69] of Defendants, North Carolina

Imaging, Inc., and Paul Smith, Inc., to seal Exhibits 11-19 and 22-31, attached to Defendants'

Memorandum of Law in Support of Motion for Summary Judgment and presently docketed at

DE-68.

The documents filed at DE-68 are confidential medical records subject to the Health

Insurance Portability and Accountability Act as codified in 45 CFR 164.501 et seq., and are also

subject to the parties' Consent Qualified Protective Order With Modifications [DE-49]. These

confidential medical records are not public records and are prohibited from disclosure by federal

law.

Prior to sealing court documents, a district court must first determine the source of the public's right to access the documents: the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178,180 (4th Cir. 1988). The Fourth Circuit has determined that the First Amendment right of access attaches to documents filed in support of a summary judgment motion. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Where the First Amendment guarantees access to documents, such access "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180.

In weighing these competing interests, a court must comply with the procedure set forth by *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984). First, a court must give the public notice of a request to seal and a reasonable opportunity to challenge it. *Id.* Although individual notice is not necessary, a court must notify persons present in the courtroom of the request, or docket it "reasonably in advance of deciding the issue." *Id.* A court must consider less drastic alternatives to sealing, and if it decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.*

Here, the motion to seal has been filed since May 27, 2010, and no opposition to the motion has been filed by a party or non-party despite a reasonable opportunity to do so. There is a compelling government interest in protecting medical records that are prohibited from disclosure under federal law, and there appears to be no less drastic alternative to sealing the documents.

2

Accordingly, Defendants' Motion to Seal [DE-69] is ALLOWED, and Exhibits 11-19, and 22-31, presently docketed at DE-68, are to remain under SEAL.

SO ORDERED.

This, the 9th day of June, 2010.

JAMES C. FOX
Senior United States District Judge