UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| TRISHA L. ROBERSON,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | No. 5:07-CV-284-F |
| PAUL SMITH, INC.; NORTH<br>CAROLINA DIGITAL IMAGING,<br>INC.; PAUL SMITH, SR.; and PAUL<br>SMITH, JR.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| TRISHA L. ROBERSON,<br>    Plaintiff, | )<br>)<br>) | No. 5:08-CV-40-F |
| v. | )<br>) | ORDER |
| PAUL SMITH, INC. and NORTH<br>CAROLINA DIGITAL IMAGING, INC.<br>    Defendants. | )<br>)<br>) | |

This matter is before the court on the Motion for Relief from Court's Summary Judgment Order [DE-84] and the Motion to Seal Pages 5-7 of Plaintiff's Exhibit 74-1 [DE-86] filed by Defendants Paul Smith, Inc., and North Carolina Digital Imaging, Inc. Both motions are ripe for ruling.

**I. MOTION TO SEAL**

In an order filed on February 18, 2011, the undersigned denied the Plaintiff's motion to seal [DE-76]. In that motion, the Plaintiff sought leave to file certain exhibits to her response to the motion for summary judgment under seal.

With regard to some of the exhibits, the court found that Plaintiff had met her burden under *Stone v. University of Maryland* 855 F.2d 178 (4th Cir. 1988) and *In re Knight Publishing Company*, 743 F.2d 221 (4th Cir. 1984) because the exhibits contained confidential medical records subject to the Health Insurance Portability and Accountability Act ("HIPAA") as codified in 45 CFR 164.501 *et seq*. The court, however, did not find that the Plaintiff had met her burden as to the Exhibit docketed at DE-74-1. The court observed that the sole reason given for sealing the exhibit was that it consists of personnel records of one of Defendants' employees that had been identified as "confidential" by Defendants pursuant to the Consent Qualified Protective Order with Modifications [DE-49]. This court stated that this, alone, was insufficient to demonstrate a compelling government interest or that the sealing of the entire document is narrowly tailored to meet that interest.

Consequently, the court denied the motion without prejudice as to the Exhibit at DE-74-1, but ordered that the exhibit remain under seal for a period of 14 days, during which time either party could file another motion to seal that complies with applicable Fourth Circuit precedent. Defendants thereafter timely filed their Motion to Seal Pages 5-7 of Plaintiff's Exhibit 74-1.

Defendants assert that the Exhibit at DE-74-1, like the other exhibits sealed by the court's February 18, 2011, Order, contains confidential medical records subject to HIPAA. Accordingly, it requests that the portions of the Exhibit that contain the confidential records, located at pages 5-7, remain under seal.

Defendants' Motion [DE-86] is ALLOWED. The Clerk of Court is DIRECTED to maintain the Exhibit located at DE-74-1 under SEAL. As Defendants' memorandum indicates, however, not all of the information included in the Exhibit requires sealing; therefore, Plaintiff is

ORDERED to file, within fourteen (14) days, another copy of her Exhibit 8, with pages 5-7 omitted to be maintained on the record not under seal.

## II. MOTION TO RECONSIDER

Defendants also move the court, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to reconsider the portion of the February 18, 2011, Order [DE-82] which denied Defendants' motion for summary judgment as to Plaintiff's claim that she was retaliatory discharged in violation of the North Carolina Retaliatory Discharge Act, N.C. Gen. Stat. § 95-240 *et seq.* ("REDA").

### A. Motions to Reconsider Standard of Review

At the outset, the court will address the parties' arguments regarding the propriety of the motion to reconsider. In this case, Defendants filed the motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for specified reasons. FED. R. CIV. P. 60(b). Plaintiff argues that the court should not consider the motion for a variety of reasons, including that Rule 60(b) is inapplicable to interlocutory orders.

The court agrees that Rule 60(b) is applicable only to final orders. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)(explaining that Rule 60(b) is only available for relief from a final judgment and is not applicable to interlocutory orders); *McLaurin v. East Jordan Iron Works, Inc.*, 666 F. Supp. 2d 590, 596 n.2 (E.D.N.C. 2009). Here, the portion of the February 18, 2011, Order denying Defendants' motion for summary judgment on the REDA claim is an interlocutory order, and therefore Rule 60(b) is not applicable. Rather, Rule 54(b) governs Defendant's motion to reconsider. *See American Canoe*

3

*Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Rather than deny the motion because it cites to Rule 60(b), as Plaintiff suggests, however, the court will instead construe the Defendants' Rule 60(b) motion as a Rule 54(b) motion to reconsider.

>Rule 54(b) provides, in pertinent part:
>
>[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b)(emphasis added). Under this rule, "[a]n interlocutory order is subject to reconsideration at any time prior to the entry of final judgment." *Fayetteville Investors*, 936 F.2d at 1469. Moreover, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of final judgments." *American Canoe*, 326 F.3d at 514. Instead, "a district court retains the power to reconsider and modify its its interlocutory orders" at any time prior to final judgment, and the exercise of such "power is committed to the sound discretion of the district court." *Id.* at 514-15. In exercising this discretion, a district court may seek guidance from the general principles developed under Rule 60(b), but is not bound by that rule. *See Fayetteville Investors*, 936 F.2d at 1470 (citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D.Pa. 1989)).

## B. Analysis

Here, the Defendants ask the court to reconsider the portion of the February 18, 2011, Order [DE-82] which denied Defendants' motion for summary judgment as to Plaintiff's claim that she was retaliatory discharged in violation of the REDA. Specifically, Defendants argue that to survive a motion for summary judgment, Plaintiff must proffer evidence showing that her exercising of rights under North Carolina's Worker's Compensation statutes was the "but for"

4

cause of Defendants' decision to terminate her employment. To do this, according to Defendants, Plaintiff must exclude any other motivation for her termination. Plaintiff, however, has pleaded and/or testified that her termination was because (1) she complained about sexual harassment; (2) she complained about violations of the North Carolina Wage and Hour Act; (3) she complained about not being paid overtime; (4) she complained about not being paid wages when due, *and* (5) she exercised her rights under the North Carolina Worker's Compensation Act. Defendants argue that because this court concluded that Plaintiff had proffered sufficient evidence to go forward on her claim, despite these other allegations, the court effectively changed the standard of proof required under North Carolina's REDA statute to allow for a "mixed motive" claim available under Title VII.[1]

As Defendants note, with regard to this North Carolina state law claim, this court must look to the law of the North Carolina Supreme Court in interpreting the governing law under REDA. *See Assicurazioni Generali, S.p.A. v. Neil*, 160 F.3d 997, 1002 (4th Cir. 1998)("It is axiomatic that in determining state law a federal court must look first and foremost to the law of the state's highest court, giving appropriate effect to all its implications."). In the absence of a controlling decision by a state's highest court, the court may look to decisions of a state's intermediate appellate courts in predicting how the highest state court may rule. *Id.*

---

[1] Defendants also argue that the court improperly applied a Title VII burden-shifting analysis to the REDA claim. The court did no such thing. The court first examined whether Plaintiff had proffered sufficient evidence to go the jury on the REDA claim, and concluded that she had. The court then examined whether Defendants had proffered evidence which required judgment on their *affirmative defense*, on which they bear the burden of persuasion, as a matter of law. Although the court recognized that Defendants had proffered evidence such that a jury *could* find that Defendants had established their affirmative defense, it also recognized that the jury would not be mandated to do so as a matter of law.

5

The North Carolina Supreme Court, in *Abels v. Renfro Corporation*, 335 N.C. 209, 214, 436 S.E.2d 822, 825 (1993), stated that courts should "rely on the terms of the statute itself" rather than the "complicated analysis used in federal discrimination cases" to determine whether a REDA claim survives. The terms of REDA provide: "No person shall discriminate or take retaliatory action *because* the employee in good faith does or threatens to" file a claim for worker's compensation. N.C. GEN. STAT. § 95-241(a) (emphasis added).

Again, Defendants argue that the "because" language in REDA is the same as a "but for" standard of causation. Defendants cite to a United States Supreme Court opinion that examined the language of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and reached the same conclusion advocated by the Defendants here. *See Gross v. FBL Financial Servs. Inc.*, 129 S.Ct. 2343, 2351 (2009). Notably, however, other than *Renfro*, Defendants do not cite to any cases by the North Carolina Supreme Court, or the North Carolina Court of Appeals, which addressed the issue raised by the instant case: whether a Plaintiff is precluded from establishing a REDA claim where she also contends that other illegal or discriminatory motives played a part in her termination. Of course, in *Renfro*, the North Carolina Supreme Court did not confront that issue head-on either.

A subsequent decision in *Renfro*, however, by the North Carolina Court of Appeals suggests that a strict "but for" standard of causation may not be applicable to REDA claims. In that subsequent appeal, the North Carolina Court of Appeals determined that the North Carolina Pattern Jury Instructions for wrongful discharge are applicable to claims under REDA. *See Abels v. Renfro*, 126 N.C. App. 800, 805 486 S.E.2d 735, 738-39(hereinafter *Renfro II*), *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997). The North Carolina Pattern Jury Instructions for wrongful discharge provide, in pertinent part, the following: "Was the plaintiff's

6

participation in conduct protected by law a substantial factor in the defendant's decision to terminate the plaintiff's employment?" N.C. P.I., Civil 640.20. *See also Renfro II*, 126 N.C. App. at 805, 486 S.E.2d at 738-39 (explaining that the instruction "Was plaintiff's protected conduct a substantial factor in defendant's decision to terminate her employment?" was proper in a REDA case). The "substantial factor" language in the approved pattern instruction does not appear to be equivalent to the "but for" standard of causation advocated by Defendants.

The Defendants' argument, therefore, appears to raise a novel issue of North Carolina law. Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim" if "the claim raises a novel . . . issue of State law." 28 U.S.C. § 1367(c)(1). By virtue of the court's February 18, 2011, Order, the only claims remaining in this case are Plaintiff's REDA claim and her claim for wrongful discharge. The parties' arguments as to causation for a REDA claim raises a novel issue of State law that has not been addressed by the North Carolina Supreme Court or the North Carolina Court of Appeals; therefore, the court declines to continue to exercise supplemental jurisdiction over the remaining state law claims and remands the action to Johnston County Superior Court. 28 U.S.C. § 1367(c)(1). *See Riggsbee-Brown v. Quintiles, Inc.*, No. 5:09-CV-169-D, June 3, 2010, Order (located at DE-31 of the case file)(declining to exercise jurisdiction over the plaintiff's sole remaining state-law claim for wrongful discharge where the court found the parties disputed how to apply the proper evidentiary frameworks to the claim).

Additionally, so the state court may fully consider the issue raised by the Defendants, the court finds that the portion of the February 18, 2011, Order denying summary judgment should be vacated. The court vacates *only* the portion of the February 18, 2011, Order denying

Defendant's motion for summary judgment as to Plaintiff's REDA claim. All other portions of the February 18, 2011, Order remain in effect.

### III. CONCLUSION

For the foregoing reasons, it hereby is ORDERED that:

(1) Defendants' Motion to Seal Pages 5-7 of Plaintiff's Exhibit 74-1 [DE-86] is ALLOWED and the Clerk of Court is DIRECTED to maintain the Exhibit located at DE-74-1 under SEAL;

(2) Plaintiff is ORDERED to file, within fourteen (14) days, another copy of Exhibit 8 [DE-74-1], with pages 5-7 omitted; the copy of which will be maintained on the record *not* under seal;

(3) Defendants' Motion for Relief from Court's Summary Judgment Order [DE-84] is ALLOWED, and only the portion of the February 18, 2011, Order [DE-82] which denied Defendants' motion for summary judgment [DE-66] on Plaintiff's REDA claim is VACATED, but all other portions of the Order remain in effect;

(4) the court declines to exercise supplemental jurisdiction over the two remaining state-law claims in this action and REMANDS Case No. 5:07-CV-284-F to the Johnston County Superior Court; the Clerk of Court is DIRECTED to close Case No. 5:08-CV-40.

SO ORDERED.

This the 20th day of April, 2011.

JAMES C. FOX
Senior United States District Judge

8